IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERRICK A. TRIPLETT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:21-cv-00584 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GREGORY P. WINSTON, *et al.*, ) | By:  Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff Derrick A. Triplett, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against Defendants Travis Hamilton, Gregory P. Winston, Thomas Bobbitt, Toni Truehart, Shannon Payne, Marty Stallard, and John Bowman (collectively, "Defendants"),[1] all of whom are current or former officers and supervisors at the New River Valley Regional Jail ("NRVRJ"). (*See generally* Compl. [ECF No. 1]; ECF No. 30.) Triplett alleges that Defendants Stallard and Bobbitt are liable for Travis Hamilton's alleged retaliation against Plaintiff under a theory of supervisory liability. (*Id.*) He also alleges that Defendants Bobbitt and Winston violated his constitutional right to equal protection. (*Id.*) This matter is currently before the court on Defendants' motion to dismiss under Rule 12(b)(6).[2] (ECF No. 29.) After reviewing the motion and the record, the court will grant

---

[1] All full names are taken from ECF Nos. 1 and 30.

[2] The present motion to dismiss was filed by Defendants Bobbitt, Bowman, Payne, Stallard, Truehart, and Winston. Defendant Travis Hamilton did not file this motion to dismiss with his co-defendants. Accordingly, the court will not address the merits of Triplett's claim against him.

Defendants' motion to dismiss Triplett's complaint against the moving defendants without prejudice.

## I.     BACKGROUND

Triplett is currently confined at Western Tidewater Regional Jail ("WTRJ"), a facility operated by the Virginia Department of Corrections ("VDOC"). Before WTRJ, Triplett was confined at the NRVRJ. (Compl. at 1.) It is at NRVRJ that Triplett's allegations arose.

In his first claim, Triplett states that he was "in fear of [his] life from [Defendant] Officer Travis [H]amilton . . . ." while confined at NRVRJ (*Id.* at 2.) As a result, he did not want Hamilton involved in decisions related to his housing assignment, sought a criminal complaint against Hamilton, and even requested a restraining order.[3] (*Id.* at 3.) On August 5, 2021, Triplett informed Defendant Major Stallard of his fear of Hamilton,[4] and Stallard assured Triplett that Hamilton would not be involved in his classification decisions. Triplett also apparently made a similar request in writing on August 26; Defendant Bobbitt responded to Triplett's request, stating that Hamilton would not be involved in Triplett's housing determination. (*Id.*)

Triplett claims that, on September 2, 2021, Hamilton made false statements and added comments to Triplett's notice for restrictive housing review. He alleges Hamilton did the same thing again on September 23, all in an effort to keep Triplett in segregated housing. (*Id.*)

Hamilton allegedly continued to target Triplett, writing in Triplett's housing form on October 13, 2021, that Triplett was "not a good candidate for general population . . . ." (*Id.*)

---

[3] Neither of these requests is before this court.

[4] Interestingly, Triplett does not say *why* he was afraid of Officer Hamilton, only that he was.

Triplett also alleges that Hamilton was permitted into his housing unit where there were no cameras. Notably, though, Triplett does not claim that Hamilton touched, spoke, or even approached him. (*Id.* at 3–4.) Triplett says the jail "refuses to protect" him, and that all defendants "either ignored, turned a blind eye[,] or helped put [him] in danger." (*Id.* at 4.)

In his second claim, Triplett claims he has discriminated against by staff at NRVRJ, and that he is punished more harshly than other inmates. (*Id.* at 2.) Although he complained to Defendant Lt. Col. Bowman (and wrote several requests to the superintendent, Defendant Winston) about this treatment, he asserts that the housing classification committee continues to unjustly punish him based on Hamilton's recommendations, and that the jail "refuses to offer [him] the same rights/treatments as other inmates." (*Id.* at 5.)

The court construes Triplett's complaint as raising two types of claims: first, retaliation claims against Defendant Hamilton and also against Defendants Stallard and Bobbitt under the theory of supervisory liability; and second, an equal protection claim against Defendant Bowman and Winston. Defendants Bobbitt, Bowman, Payne, Stallard, Truehart, and Winston have filed a motion to dismiss, which has been fully briefed by the parties. Because the facts and legal positions of the parties are adequately set forth in their written materials, oral argument is not necessary. The matter is therefore ripe for disposition.

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* In

considering a Rule 12(b)(6) motion, a court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556, U.S. 662, 678–79 (2009). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Id.* at 678. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

## III. DISCUSSION

At the outset, it is important to note that the court is unable to rely on any of the information Triplett included in his responsive filings to address Defendants' motion to dismiss. It is well-settled that, on a motion to dismiss, the court's review is limited to the factual allegations in the complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (noting that, on a motion to dismiss, the court's "evaluation is . . . generally limited to a review of the allegations of the complaint itself"). Accordingly, only the allegations in Triplett's complaint are presumed to be true and will be considered at this stage.

### A. Defendants Payne and Truehart

Triplett brings his causes of action under 42 U.S.C. § 1983. Section 1983 creates a private cause of action against anyone who,

> under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must allege facts that, if true, would show that he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that the deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

Although Triplett names Defendants Payne and Truehart in the caption of his complaint, the allegations make no mention of them whatsoever. Accordingly, in the absence

of an allegation of personal conduct, Triplett has failed to state a claim against either of these defendants, and their motion to dismiss will be granted.

## B. Retaliation

Inmates have a "First Amendment right to be free from retaliation for filing a grievance."[5] *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017) ("*Booker II*"). Nevertheless, a prison inmate's claim of retaliation must be examined with care because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct" or other concerning behaviors. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)).

Here, Triplett named Defendants Stallard and Bobbitt, along with Hamilton, in his retaliation claim. Triplett alleges that Defendants Stallard and Bobbitt are liable for that retaliation because they were Hamilton's supervisors. Assuming, without deciding, that Hamilton's actions constituted retaliation,[6] the court finds that Triplett's allegations fail to state a claim against the supervisory officials.

It is well established that a supervisory government official cannot be held liable under § 1983 for the actions of his subordinates solely on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978). Nonetheless, a supervisory official may be liable for his subordinate's acts if the supervisor himself bears personal responsibility for those acts.

---

[5] The First Amendment's protections apply to the States through the Fourteenth Amendment. *See Bigelow v. Virginia*, 421 U.S. 809, 811 (1975).

[6] Generally, to bring a retaliation claim against Hamilton, Triplett must demonstrate (1) he engaged in a protected First Amendment activity, (2) that Hamilton's actions adversely affected his First Amendment Rights, and (3) there is a causal relationship between the plaintiff's activity and the defendant's activity. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

*Iqbal*, 556 U.S. at 676. "Liability in this context is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984).

> In order to prevail on a claim for supervisory liability, a plaintiff must show:
>
> > (1) that the supervisor had actual or constructive knowledge that [his] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Here, Triplett's claims are simply insufficient. Because it is unclear what Hamilton was doing to make Triplett "fear for his life," Triplett has failed to plead facts that, if true, would establish that Hamilton's actions "posed a severe and unreasonable risk of constitutional injury." *O'Bryant v. Finch*, 637 F.3d 1207, 1219 (11th Cir. 2015) (dismissing plaintiff's retaliation claim because plaintiff did not present any evidence of retaliatory animus). Simply claiming that "someone is 'retaliating' against me," without more, is insufficient to alert Stallard or Bobbitt of a "pervasive and unreasonable risk." Rather, Triplett's allegations amount to nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555. Such vague allegations are insufficient to state a claim and so Claim 1 as against Stallard and Bobbitt will be dismissed.

## C. Discrimination

Turning to Claim 2, for an equal protection claim to succeed against a prison official, an inmate "must first demonstrate that he has been treated differently from others to whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination" based on the plaintiff's membership in a protected class, such as race, gender, or religion. *Veney v. Wyche*, 293 F.3d 726, 732 (4th Cir. 2002) (internal quotation marks omitted). The Supreme Court has also recognized "class-of-one" Equal Protection claims, where the plaintiff alleges intentional, disparate treatment without a rational basis. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Triplett has not alleged membership in any protected class, but he does claim he was treated more harshly than other prisoners without a rational basis. Accordingly, the court construes his discrimination claim as a "class-of-one" claim. *See King v. Rubenstein*, 825 F.3d 206, 220 (4th Cir. 2016) (permitting a "class-of-one" claim for a prisoner).

Here, Triplett alleges that Defendants Winston[7] and Bowman discriminated against him because he received harsher punishments than other inmates and that his complaints[8] were ignored. (Compl. at 2, 6.) But Triplett's complaint only includes conclusory claims of disparate treatment. (*Id.*) It was not until his responses to Defendants' motion to dismiss that Triplett stated specific facts regarding the treatment of other prisoners. (*See* ECF Nos. 32 &

---

[7] Defendant Winston is not mentioned by name in Triplett's complaint, but he does allege that he "requested to speak to the superintendent," and that he "wrot[e] multiple request[s]" and wrote him "personal letters." (Compl. at 2, 5.) Giving Triplett's complaint the leniency afforded *pro se* pleadings, the court assumes "Superintendent" refers to Winston; Defendants' brief in support of their motion to dismiss makes the same assumption. (*See* ECF No. 30.)

[8] Aside from reference to written requests and personal letters, Triplett does not allege how many complaints he made or whether they were submitted through the prison grievance procedure.

34.) The court cannot consider these allegations because they are not part of the pleadings in this case. *See, e.g., Braun v. Maynard*, 652 F.3d 557, 559 (4th Cir. 2011).

For Triplett's equal protection claim to succeed, his complaint must outline specific facts giving rise to such a claim, much like he did in his response to Defendants' motion to dismiss. Further, the facts must describe how Triplett was treated more severely compared to other NRVRJ prisoners in similar situations. If specific prisoners and their punishments are not sufficiently alleged, the claim must be dismissed. *See Siena Corp. v. Mayor & City Council of Rockville*, 873 F.3d 456, 465 (4th Cir. 2017). Triplett's facts must also demonstrate that there was no rational reason for the disparate treatment. *Willis v. Town of Marshall, N.C.*, 426 F.3d 251, 263 (4th Cir. 2005).

As it currently stands, because Triplett's complaint lacks these core allegations, his complaint must be dismissed.

### IV.     CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will be granted, and Triplett's claims against Defendants Bobbit, Bowman, Payne, Stallard, Truehart, and Winston will be dismissed without prejudice. Triplett will be permitted to file an amended complaint within 21 days, if he so chooses.[9] Triplett's claim against Hamilton remains pending.

---

[9] If Triplett elects to file an amended complaint, it will supersede his present complaint. In other words, an amended complaint *must* restate all allegations he wishes to levy against the defendants, including Hamilton. If Triplett does not file an amended complaint, the court will consider the present complaint *only* against Hamilton.

The Clerk is directed to forward copies of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 26th day of September, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE